UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VAHID NOROOZI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SCHUURMANS, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-01725-JNW<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY |

Defendants' motion to stay proceedings until March 13, 2026, comes before the Court. Dkt. No. 12. Having considered the briefing, record, and relevant law, the Court is fully informed and denies the motion. The Court, however, finds good cause to extend the briefing deadlines on Plaintiffs' pending motion for summary judgment. Dkt. No. 15.

When deciding whether to grant a stay, district courts "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in

ORDER DENYING DEFENDANTS' MOTION TO STAY - 1

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation omitted). The moving party bears the burden of showing "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis*, 299 U.S. at 255.

Here, the balance of interests does not favor a stay. The continued delay of Plaintiffs' visa adjudications constitutes harm. Defendants contend they would suffer hardship if required to proceed because the Executive Branch has been regularly changing the policies that govern those adjudications. But if that were enough to stay proceedings, Plaintiffs' case might never move forward. And the Court is not convinced that staying this matter each time the Government issues new policy guidance would streamline or simplify this matter. *See Lockyer*, 398 F.3d at 1110.

The Court nonetheless recognizes the practical concern underlying Defendants' request. Defendants explain that new policy guidance related to Plaintiffs' visa adjudications will issue soon, on March 2, 2026, and that this new guidance is relevant to Plaintiffs' pending motion for summary judgment. That motion will be ripe for consideration on March 6, 2026—*after* the new policy guidance takes effect. Dkt. No. 16 at 2. Given this timing, the Court finds good cause to extend the summary judgment briefing deadlines.

Accordingly, the Court DENIES Defendants' motion to stay, Dkt. No. 12, and CONTINUES the briefing deadlines for Plaintiffs' motion for summary judgment,

ORDER DENYING DEFENDANTS' MOTION TO STAY - 2

Dkt. No. 15. Defendants' response is due on March 16, 2026, and Plaintiffs' reply is due on March 23, 2026. The Clerk of the Court is DIRECTED to LIFT the stay of this matter, which expired on January 15, 2026. *See* Dkt. No. 10.

Dated this 19th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO STAY - 3